FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 11:26 am, Nov 12, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

CALVIN JAMES,

        Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS
SOUTHEAST REGIONAL OFFICE; and
JESUP FEDERAL CORRECTIONAL
INSTITUTION,

        Defendants.

CIVIL ACTION NO.: 2:20-cv-100

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff Calvin James' ("James") failure to comply with the Court's September 24 and October 19, 2020 Orders. Docs. 7, 9. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** James' Complaint for failure to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** James leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to James that his suit is due to be dismissed. As indicated below, James will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and

**BACKGROUND**

On June 30, 2020, James filed his action under <u>Bivens v. Six Unknown Named Agents of</u> <u>the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), in the Northern District of Georgia. Doc. 1.  Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 2.  The Northern District of Georgia transferred Plaintiff's action to this Court.  Doc. 4.  This Court deferred ruling on Plaintiff's Motion, as Plaintiff did not use this Court's preferred forms. Doc. 7 at 1.  The Court provided Plaintiff with 14 days to return the proper forms, and the Clerk of Court mailed blank copies of these forms to Plaintiff.  <u>Id.</u>  The Court advised James his failure to timely comply with the Order would result in the dismissal of his Complaint.  <u>Id.</u> at 2. Plaintiff responded to that Order, again submitting handwritten forms to move for *in forma pauperis* status.  Doc. 8.  The Court again deferred ruling on Plaintiff's Motions and once again ordered Plaintiff to submit this Court's preferred forms.  Doc. 9.  The Court advised James his failure to timely comply with the Order or failure to complete the enclosed forms would result in the dismissal of his Complaint.  <u>Id.</u> at 2. That Order was not returned to the Court as undeliverable or as otherwise failing to reach James.  However, James did not respond to the Court's Order.

**DISCUSSION**

The Court must now determine how to address James' failure to comply with this Court's Orders.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** James' Complaint.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to

---

recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** James leave to appeal *in forma pauperis*.

## I.     Dismissal for Failure to Follow This Court's Orders

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser

---

[2]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  However, in this case, James was forewarned of the consequences of failing to respond to this Court's Orders.  Docs. 7, 9.

sanctions would not suffice." <u>Thomas v. Montgomery Cnty. Bd. of Educ.</u>, 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting <u>Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)</u>, 62 F.3d 1356, 1366 (11th Cir. 1995)); <u>see also</u> <u>Taylor v. Spaziano</u>, 251 F. App'x 616, 619 (11th Cir. 2007) (citing <u>Morewitz</u>, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  <u>Taylor</u>, 251 F. App'x at 619; <u>see also</u> <u>Coleman</u>, 433 F. App'x at 719; <u>Brown</u>, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  <u>See</u> <u>Coleman</u>, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); <u>Brown</u>, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

James failed to follow this Court's Orders, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so.  Docs. 7, 9.  Thus, the Court should **DISMISS without prejudice** James' Complaint.  Doc. 1.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny James leave to appeal *in forma pauperis*.  Though James has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  <u>See</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

4

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of James's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** James *in forma pauperis* status on appeal.

## CONCLUSION

I **RECOMMEND** the Court **DISMISS without prejudice** James' Complaint for failure to follow the Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** James leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a

party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 12th day of November, 2020.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA