FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 11:11 am, Jan 07, 2021

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

CALVIN JAMES,                           *
                                        *
          Plaintiff,                    *          CIVIL ACTION NO.: 2:20-cv-100
                                        *
     v.                                 *
                                        *
FEDERAL BUREAU OF PRISONS               *
SOUTHEAST REGIONAL OFFICE; and          *
JESUP FEDERAL CORRECTIONAL              *
INSTITUTION,                            *
                                        *
          Defendants.                   *


## O R D E R

Presently before the Court is Plaintiff's Motion for Relief from Judgment/Order, which has been docketed as a Motion for Reconsideration.  Dkt. No. 14.  According to Plaintiff, this Court dismissed his claims for "insidious reasons," his claims have merit, and his motion to proceed *in forma pauperis* was not frivolous.  Id. at pp. 1-2.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly."  Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted).  "A movant must set forth facts or law of a strongly convincing nature to induce the court

to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. He fails to present any newly discovered evidence revealing this Court's previously entered Order represents a manifest error of law or fact. Contrary to Plaintiff's assertions, this Court did not dismiss his claims for insidious reasons, nor did this Court offer any opinion regarding the relative merits of Plaintiff's claims or motions. Instead, the Court dismissed Plaintiff's cause of action without prejudice based on Plaintiff's failure to follow this Court's Orders, despite Plaintiff having multiple opportunities to comply with these Orders. Dkt. Nos. 10, 12. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's December 3, 2020 Order remains the

Order of the Court, and this case remains closed.  Dkt. Nos. 12, 13.

     **SO ORDERED**, this 7th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)